IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ABRIECE OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3084 |
| ) | |
| EAGLES NEST HOTEL, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

Abriece Owens is currently detained and in the custody of the Peoria County Sheriff. According to the Peoria County Records Portal, Owens is charged with a number of felonies, including Home Invasion, Armed Robbery, Residential Burglary and Unlawful Possession of a Stolen Motor Vehicle.

Owens's proposed complaint here does not relate to the arrest or pending charges. He states that he has not filed a grievance at his institution because the proposed complaint has nothing to do with his incarceration. Owens states that the place of the occurrence which forms the basis of his claim is the Eagles Nest Hotel in West Quincy, Illinois.

Owens's proposed complaint states that on February 4, 2018, he discovered a photo of himself along with two other individuals posted on an Eagles Nest Hotel employee's Facebook page, which stated that he and the other individuals robbed the hotel's front desk at gunpoint and that police officers were searching for them. Owens states that upon questioning by police officers, he and the others were not considered suspects. Owens further states that he called Eagles Nest Hotel in order to obtain the name of the employee who had accused him of armed robbery. Owens states Eagles Nest Hotel did not provide the information.

Owens says he is seeking relief for what he claims is a false accusation that constitutes defamation. He does not allege any federal law claims.

Upon reviewing the allegations of the Complaint, the Court believes it is unlikely that it has jurisdiction over the subject matter. The Complaint form advises prospective plaintiffs that it is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are brought under 42 U.S.C. §1983 (against state, county or municipal defendants) or in a "Bivens" action (against federal defendants). A prisoner's claim may also be based on a different federal law.

Owens has not indicated a federal legal basis for his complaint. Of course, a federal court has original jurisdiction of all civil actions if the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a)(1). Owens does not identify the citizenship of the parties. He does say that he is seeking $1.5 million or $1.6 million in damages. However, the Court finds that is not a good faith allegation of the amount in controversy. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (noting that courts generally accept good faith allegations of the amount in controversy unless it appears legally certain that the claim is really for less than the jurisdictional amount). Consequently, the Court is without jurisdiction to consider Owens's claims.

Because the Court lacks jurisdiction over the subject matter, the Court will dismiss the Complaint.

Ergo, this case is Dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions [2] and close this case.

ENTER: June 8, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge